United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL E&P USA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-2671 |
| § | | |
| MARUBENI OIL & GAS USA, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This removed case is before the Court on the Motion to Remand [Doc. # 2] filed by Plaintiff Total E&P USA, Inc. ("TEP"), to which Defendant Marubeni Oil & Gas USA, Inc. ("MOGUS") filed a Response [Doc. # 16], and TEP filed a Reply [Doc. # 20].  Having considered the full record and applicable legal authorities, the Court concludes that there is federal subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA").  As a result, the Motion to Remand is **denied**.

### I.   BACKGROUND

TEP is a corporation engaged in the oil and gas industry.  Prior to July 1, 2006, TEP owned an undivided 25.834% interest in the Canyon Express Pipeline System ("CEPS") on the Outer Continental Shelf ("OCS").  The management and operation

of the CEPS was governed by the CEPS Operating Agreement executed by the CEPS owners on June 1, 2000.

On July 1, 2006, TEP assigned all its rights in the CEPS to ATP Oil & Gas Corporation ("ATP"). In accordance with the Purchase and Sale Agreement, ATP assumed all of TEP's obligations in connection with the CEPS, including "all Plugging and Abandonment obligations." *See* Purchase and Sale Agreement, Exh. C to Original Petition, § 9.2.

In August 2012, ATP filed a petition pursuant to Chapter 11 of the United States Bankruptcy Code. In February 2014, United States Bankruptcy Judge Marvin Isgur entered a Final Order approving the sale of ATP's interest in the CEPS to MOGUS.

Eventually, the Bureau of Safety and Environmental Enforcement ("BSEE") and the Bureau of Ocean Energy Management ("BOEM") required that the CEPS be decommissioned. MOGUS began the decommissioning process and sought contribution from TEP for the related expenses.

TEP filed this lawsuit in Texas state court on August 23, 2016, seeking a declaratory judgment that it owes no obligation to reimburse MOGUS for the decommissioning costs. MOGUS filed a timely Notice of Removal, removing the

lawsuit to federal court pursuant to OCSLA. TEP filed a timely Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.   APPLICABLE LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Hotze v. Burwell*, 784 F.3d 984, 999-1000 (5th Cir. 2015); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377).

OCSLA provides federal question jurisdiction over the Outer Continental Shelf by extending "[t]he Constitution and laws and civil and political jurisdiction of the United States . . . [to the OCS] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or producing resources therefrom." *Baker v. Hercules Offshore, Inc.*, 713 F3d 208, 213 (5th Cir. 2013) (quoting 43 U.S.C. § 1333(a)(1)). "The jurisdictional grant in

OCSLA is broad, covering a wide range of activity occurring beyond the territorial waters of the states." *Id.* (internal quotations and citation omitted).

"A plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Id.* (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988)); *see also In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). Indeed, "the well-pleaded complaint rule does not apply to removal under the OCSLA." *Plains Gas Solutions, LLC v. Tenn. Gas Pipeline Co., LLC*, 46 F. Supp. 3d 701, 703 (S.D. Tex. 2014) (citing *Amoco*, 844 F.2d at 1205).

## III.   ANALYSIS

"Courts typically assess jurisdiction under [OCSLA] in terms of whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *In re Deepwater Horizon*, 745 F.3d at 163. An "operation" is the performance of "some physical act" that involves the "exploration, development, or production of minerals" on the Outer Continental Shelf. *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996); *Plains Gas*, 46 F. Supp. 3d at 705. "Development" is defined under OCSLA as "those activities which take place following discovery of minerals in paying quantities . . . .." 43 U.S.C. § 1331(l). "Production" is defined under OCSLA

as "those activities which take place after the successful completion of any means for the removal of minerals . . .." 43 U.S.C. § 1331(m). Activities relating to the plugging and abandoning of oil and gas facilities on the OCS constitute operations under OCSLA. *See GOM Shelf, LLC v. Sun Operating Ltd. P'ship*, 2008 WL 901482, *8 (S.D. Tex. Mar. 31, 2008); *Chieftain Int'l U.S., Inc. v. Statoil Exploration U.S., Inc.*, 1999 WL 350831, *2 (E.D. La. June 1, 1999).

TEP argues that the relevant activities for purposes of this declaratory judgment action are MOGUS's attempts to collect payment from TEP for the decommissioning expenses. The Court finds the argument unpersuasive. The only claim in this case is one for a declaration regarding TEP's obligation for contribution toward the decommissioning expenses. The declaration regarding contribution is the relief TEP seeks, not the activity that caused the injury. Instead, the relevant activities are those involved in the decommissioning process for which MOGUS seeks contribution, which constitute an "operation" under OCSLA. *See, e.g., GOM Shelf*, 2008 WL 901482 at *8; *Chieftain*, 1999 WL 350831 at *2. To hold otherwise would permit a party to avoid clear OCSLA jurisdiction by filing a pre-emptive declaratory judgment action.

TEP's reliance on the *Plains Gas* decision is unavailing. In that case, Hon. Keith Ellison held that "Targa's demands for deficiency payments" was not an

"operation" for purposes of OCSLA jurisdiction. *See Plains Gas*, 46 F. Supp. 3d at 706. In that case, however, the deficiency payments were not related to decommissioning or other operations on the OCS. The plaintiff in *Plains Gas* had a plant located onshore, not on the OCS. At its plant, Plains Gas removed heavy hydrocarbons from natural gas and, pursuant to a Hydrocarbon Exchange Agreement with Targa Liquids Marketing and Trade, LLC ("Targa"), sent this removed byproduct ("raw make") to Targa for further breakdown into components propane, ethane, and butane. Plains Gas would ship this "raw make" from its onshore plant, through an onshore pipeline, to Targa's plant also located onshore. Pursuant to the Hydrocarbon Exchange Agreement, Plains Gas was required deliver a minimum amount of "raw make" to Targa each quarter. If Plains Gas failed to deliver the minimum amount, Plains Gas was required to make a deficiency payment to Targa unless the inability to make the minimum delivery was the result of *force majeure*. When Plains Gas failed to make the minimum delivery, Targa demanded the deficiency payment. Plains Gas filed a declaratory judgment action seeking a declaration that the *force majeure* provisions of the Hydrocarbon Exchange Agreement applied to excuse the failure to deliver the minimum amount of "raw make." *See* Plains Gas's First Amended Petition, Civil Action No. 4:14-0472 ECF Doc. # 1-8, ¶¶ 71-73.[1] Unlike the

---

[1] The Court may take judicial notice of matters of public record, including court
(continued...)

situation between TEP and MOGUS, the dispute between Plains Gas and Targa did not involve activity on the OCS. In this case, however, the activity for which MOGUS seeks payment from TEP occurred at least in part on the OCS. As a result, the Court finds that the decommissioning activities that caused MOGUS to seek contribution from TEP constituted an "operation" on the OCS that involved production of minerals for purposes of OCSLA jurisdiction. MOGUS has satisfied the first prong of the jurisdictional analysis.

It is clear from TEP's state court Petition that this lawsuit arises out of MOGUS's decommissioning activities and the dispute regarding whether TEP has any financial obligation to pay for them. This satisfies the second prong of the jurisdictional analysis. As a result, the Court has federal subject matter jurisdiction over this dispute based on OCSLA.

## IV.   CONCLUSION AND ORDER

As explained above, the Court has subject matter jurisdiction over this dispute pursuant to OCSLA. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 2] is **DENIED**. It is further

---

1   (...continued)
    pleadings in other cases. *See, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

**ORDERED** that counsel shall file their Joint Discovery/Case Management Plan by **November 7, 2016**, and shall appear for an initial pretrial and scheduling conference at **2:00 p.m. on November 14, 2016**.

SIGNED at Houston, Texas, this **14th** day of **October, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE