United States District Court
Southern District of Texas
**ENTERED**
January 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL E&P USA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-2671 |
| § | | |
| MARUBENI OIL & GAS USA, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Defendant Marubeni Oil & Gas USA, Inc. ("MOGUS") has filed a Motion for Partial Summary Judgment on Liability [Doc. # 28]. The case is before the Court on the "Motion Pursuant to Fed. R. Civ. P. 56(d) to Deny or Defer Ruling on Motion for Partial Summary Judgment" ("Rule 56(d) Motion") [Doc. # 34] filed by Plaintiff Total E&P USA, Inc. ("TEP").[1] Also pending is MOGUS's Motion to Stay Discovery Pending Decision on Motion for Partial Summary Judgment ("Motion to Stay Discovery") [Doc. # 32].[2] Having considered the record and applicable legal authorities, the Court concludes that TEP has demonstrated a need for discovery in order to present facts essential to its opposition to the Motion for Partial Summary

---

[1]  MOGUS filed a Response [Doc. # 40], and TEP filed a Reply [Doc. # 41].

[2]  TEP filed a Response [Doc. # 39], and MOGUS filed a Reply [Doc. # 42].

Judgment.  As a result, the Rule 56(d) Motion is **granted**.  Because the Court is denying the Motion for Partial Summary Judgment without prejudice pursuant to Rule 56(d), the Motion to Stay Discovery is **denied**.

## I.     BACKGROUND

TEP is a corporation doing business in the oil and gas industry.  Prior to July 1, 2006, TEP owned an undivided 25.834% interest in the Canyon Express Pipeline System ("CEPS") on the Outer Continental Shelf ("OCS").  The management and operation of the CEPS was governed by the CEPS Operating Agreement ("OA") executed by the CEPS owners on June 1, 2000.

On July 1, 2006, TEP assigned all its rights in the CEPS to ATP Oil & Gas Corporation ("ATP").  In accordance with the Purchase and Sale Agreement, ATP assumed all of TEP's obligations in connection with the CEPS, including "all Plugging and Abandonment obligations."  *See* Purchase and Sale Agreement, Exh. C to Original Petition, § 9.2.

In August 2012, ATP filed a petition under Chapter 11 of the United States Bankruptcy Code.  In February 2014, United States Bankruptcy Judge Marvin Isgur entered a Final Order approving the sale to MOGUS of ATP's interest in the CEPS, an interest which ATP acquired by assignment from TEP.

Eventually, the Bureau of Safety and Environmental Enforcement and the Bureau of Ocean Energy Management required the CEPS to be decommissioned. MOGUS began the decommissioning process, and sought contribution from TEP for the related expenses.

TEP filed this lawsuit in Texas state court on August 23, 2016, seeking a declaratory judgment that it owes no obligation to reimburse MOGUS for the decommissioning costs associated with the CEPS. MOGUS filed a timely Notice of Removal, removing the case to this Court. MOGUS then filed an early Motion for Partial Summary Judgment on Liability, and TEP filed its Rule 56(d) Motion.

## II.    APPLICABLE LEGAL STANDARDS

A district court has discretion to deny without prejudice a motion for summary judgment if the nonmovant demonstrates an inability to support its opposition with evidence to raise a genuine issue of material fact. *See* FED. R. CIV. P. 56(d); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016). Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted. *Smith*, 827 F.3d at 422 (citing *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). The party seeking discovery pursuant to Rule 56(d) must, however, demonstrate "how additional discovery will create a genuine issue of material fact." *Id*. at 422-23 (quoting *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir.

2001)). "More specifically, the [Rule 56(d) movant] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id*. at 423 (internal quotations and citations omitted). The Rule 56(d) movant may not succeed if it presents only vague assertions that discovery will produce necessary, unspecified evidence. *Id*.

### III.  ANALYSIS

In support of its Rule 56(d) Motion, TEP submits the Declaration of its attorney, Michael W. Mengis. In his Declaration, Mengis identifies various factual issues that require discovery before TEP can respond to the Motion for Partial Summary Judgment. As an initial matter, MOGUS notes in its Motion for Partial Summary Judgment that the CEPS OA provides that it will be governed by and construed in accordance with United States general maritime law and Texas law. *See* Motion for Partial Summary Judgment, p. 8 (citing CEPS OA ¶ 15.7). MOGUS suggests, however, that the Court may be required under the Outer Continental Shelf Lands Act ("OCSLA") to apply "the law of the 'adjacent state' in lieu of any contractual choice-of-law provisions to the contrary." *See id.* (citing 43 U.S.C. § 1331, *et seq*.). If MOGUS is correct that OCSLA's choice-of-law applies, there is

an inadequate factual record for the Court to determine the applicable law because it is unclear whether the "adjacent state" would be Alabama or Louisiana.

MOGUS bases its Motion for Partial Summary Judgment on ¶ 14.1 of the CEPS OA, which provides that an owner who assigns all or part of its Equity Interest is not "released from its obligations and liabilities created under this Agreement . . .." *See* CEPS OA, ¶ 14.1.  MOGUS argues that, as a matter of law, the provision imposes liability on TEP.  The CEPS OA provides also, however, that abandonment costs will be shared by the Common System Owners "based on the Common System Owner's Equity Interest at the time of abandonment."  *See* CEPS OA [Doc. # 28-1], ¶ 11.3.  It is unclear on this record whether the non-release provision in ¶ 14.1 is limited by the provision in ¶ 11.3 where, as here, the owner has assigned all of its Equity Interest by the time of abandonment.  This issue requires discovery to which TEP is entitled.

MOGUS asserts in its opposition to the Rule 56(d) Motion that it is the "Operator" under the CEPS OA.  In prior pleadings, however, MOGUS asserted only that it has "holder" status of the rights-of-way associated with the CEPS.  TEP seeks, and is entitled to obtain, discovery regarding whether MOGUS is the "Operator" entitled to enforce the CEPS OA.

Even if MOGUS has Operator status that would authorize it to enforce the CEPS OA against TEP generally, it is unclear on this record whether MOGUS has

satisfied the Operator's many obligation under the Agreement in order to obtain reimbursement from TEP of the decommissioning costs associated with the abandonment of the CEPS. TEP has requested, and is entitled to obtain, discovery on this material issue regarding its potential liability to MOGUS.

These factual issues, and others identified by Mengis in his Declaration, preclude entry of summary judgment on liability in favor of MOGUS without TEP having an opportunity to conduct relevant discovery. As a result, the Court will not stay discovery and will, instead, deny without prejudice the pending Motion for Partial Summary Judgment as authorized by Rule 56(d) to allow TEP to conduct discovery.

## IV.   CONCLUSION AND ORDER

TEP has demonstrated a need for discovery to allow it to present evidence to support its opposition to MOGUS's Motion for Partial Summary Judgment. Accordingly, it is hereby

**ORDERED** that Plaintiff's Rule 56(d) Motion [Doc. # 34] is **GRANTED** and Defendant's Motion to Stay Discovery [Doc. # 32] is **DENIED**. It is further

**ORDERED** that Defendant's Motion for Partial Summary Judgment on Liability [Doc. # 28] is **DENIED WITHOUT PREJUDICE** to being refiled after discovery is completed.

SIGNED at Houston, Texas, this **10th** day of **January, 2017**.