# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Total E&P USA, INC., | § § | |
| *Plaintiff* | § § | |
| v. | § § | NO. 4:16-CV-2671 |
| Marubeni Oil & Gas (USA), Inc., | § § | |
| *Defendant* | § § § | |

## **ORDER**

Before the court is Total's motion to compel production or for *in camera* review of 100 documents MOGUS withheld as privileged. Dkt. No. 115. MOGUS filed a motion to defer ruling until Judge Smith reviews the identical motion filed in the related case, Dkt. No. 204, No. 4:16-cv-2674. Dkt. No. 136. Although this Court set these motions for hearing tomorrow, this afternoon Judge Smith entered an order denying Total's motion on the basis that it is untimely. The Court agrees with Judge Smith's reasoning and adopts it in this Order.

At Total's request, Judge Atlas extended the deadlines in this case, including the discovery deadline to January 19, 2018, and the motion cut-off to February 16, 2018. (Dkt. No. 67). On March 9, 2018, Total filed this motion to compel, two months after the discovery deadline and three weeks after the motion cut-off. Total claims the documents sought are relevant to the valuation of consideration that MOGUS allegedly received in an earlier bankruptcy proceeding, an issue raised in both parties' summary judgment motions filed in February and, according to Judge Smith's Order, asserted in both parties'

motions for summary judgment filed last year in the case pending before Judge Hittner. Dkt. No. 215, No. 4:16-cv-2674.

MOGUS objects that the motion is untimely, relying primarily upon cases finding that a motion to compel is untimely if filed *after* the *discovery deadline* has passed. *See Gonzalez v. Harlingen CISD,* 2015 WL 12748636 (S.D. Tex. 2015); *Days Inn Worldwide, Inc. v. Sonia Inv.,* 237 F.R.D. 395 (N.D. Tex. 2006). Although Rule 37 does not expressly set a deadline for discovery motions, those courts held that the discovery deadline in a scheduling order implicitly "marks the date by which a motion to compel should be filed." *Gonzales, supra,* at *2. Those decisions point to several factors guiding the court's discretion in whether to allow the tardy filing, such as the length of the delay, the explanation offered, previous extensions, whether dispositive motions have been filed, etc. *See Days Inn,* 237 F.R.D. at 399. A party's "strong need" for particular documents is not among the factors listed. *Id.* Total's rationale for its tardy motion –that MOGUS raised the issue of valuation in its summary judgment papers – is not among the factors listed, and would not be grounds for an untimely motion under this line of cases.

This Court previously granted Total an extension to obtain discovery to respond to MOGUS' first summary judgment. MOGUS had filed an early summary judgment shortly after the case was filed. Dkt. No. 28. At that time, Total filed a Rule 56(d) motion, asking the Court to deny MOGUS' motion so that it could get the needed discovery to respond. Dkt. No. 40. On January 10, 2017, Judge Atlas granted the Total's motion and denied MOGUS' motion for summary judgment without prejudice so that the parties could engage in discovery. Dkt. No. 43. Thus, the motion for summary judgment

was delayed more than a year so that Total could obtain discovery it needed to respond. In February, both parties filed motions for summary judgment *before* Total filed the motion to compel in March. *See* Dkt. Nos. 92, 97, & 98. Thus, there has already been a long delay based on the same excuse and both parties have now filed motions with discovery completed.

As Judge Smith found, there is another compelling reason to deny the motion as untimely. Total's motion was filed three weeks *after* the *motions deadline* the Court set. This deadline applied to *all* motions, including discovery motions. "Rule 6(b) [of the Federal Rules of Civil Procedure] governs the extension of time periods prescribed by the federal rules or by an order of the district court." 4B Wright, Miller & Marcus, Fed. Prac. & Proc. Civ. § 1165 at 595 (4th ed. 2015). Under Rule 6(b)(1)(B),

> the district court may order an extension after the expiration of a specified time period, but only for "good cause" and where the party's failure to act in a timely fashion was the result of "excusable neglect."

*Id.* at 609; *see also* Judge David Hittner, Federal Civil Procedure Before Trial: 5th Circuit Edition, 12:88.2 (2017) ("A party who has missed a filing deadline must obtain an order permitting late filing. A showing of "excusable neglect" is required.").[1]

Total has not presented good cause for extending the motion deadline, nor has it shown why its neglect of the existing motion deadline should be excused. Total could not have been surprised when MOGUS raised the valuation issue because Total had raised the issue itself in its motions. *See* Dkt. Nos. 97 & 98. The absence of the requested

---

[1] When determining whether a party's neglect of a deadline is excusable, courts consider: (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

documents did not prevent Total from responding to MOGUS' arguments; otherwise, relief could have been sought via a Rule 56(d) motion for additional discovery, which Total requested a year earlier but chose not to assert with respect to this information. Moreover, based on Total's arguments, the documents sought pertain to MOGUS' estimated valuations at the time of the bankruptcy in 2013. These documents hardly seem relevant to establish what, if anything, MOGUS actually received in payment from ATP or the contributed assets. As cited in the summary judgment briefing, the valuation issue was raised in depositions. Thus, Total had ample opportunity to obtain discovery on this issue and has failed to establish good cause or excusable neglect for its delay in filing in this case its motion to compel production of documents that MOGUS claims are privileged.

In fact, long before either deadline expired, Total filed various discovery motions in the case pending before Judge Hittner, challenging MOGUS' privilege log and seeking appointment of a special master. Dkt. No. 77, No. 4:16-cv-2674. Disappointed with Judge Smith's ruling, Total moved for reconsideration, which he also denied. Dkt. 200, No. 4:16-cv-2674. Judge Smith found that this current motion is essentially another request to reconsider that ruling, targeting a particular subset of documents on MOGUS' privilege log. Dkt. No. 215, No. 4:16-cv-2674. Because Total has already been given two bites at that apple, Judge Smith held that it is not entitled to a third. *Id.*

Total has not presented good cause to extend the motion cut-off date, nor is its neglect of the existing deadline excusable under Rule 6(b). Total's motion is denied. MOGUS' motion denied as moot.

Signed at Houston, Texas, on April 5, 2018.

_____
Dena Hanovice Palermo
United States Magistrate Judge