United States District Court
Southern District of Texas
**ENTERED**
August 24, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL E&P USA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-2671 |
| § | | |
| MARUBENI OIL & GAS (USA), § | | |
| INC., § | | |
| Defendant. § | | |

# **MEMORANDUM AND ORDER**

By Order [Doc. # 71] entered November 1, 2017, motions and other pretrial matters in this case were referred to United States Magistrate Judge Dena Palermo pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). On June 28, 2018, Magistrate Judge Palermo issued a Report and Recommendation [Doc. # 163], recommending that this Court grant the Motion for Partial Summary Judgment filed by Defendant Marubeni Oil & Gas (USA), Inc. ("MOGUS") [Doc. # 92], grant the Motion for Summary Judgment filed by Plaintiff Total E&P USA, Inc. ("Total") as to MOGUS's unjust enrichment claim, and deny Total's Motion for Summary Judgment Regarding Contract Claims [Doc. # 97] and Motion for Summary Judgment Due to Prior and Complete Satisfaction of Decommissioning Obligations [Doc. # 98] in all other respects.

Total filed timely Objections [Doc. # 172] to the Magistrate Judge's Report and Recommendation, to which MOGUS filed a Response [Doc. # 178], and Total filed a Reply [Doc. # 179]. The Court has reviewed the Report and Recommendation, the evidence submitted in connection with the summary judgment motions,[1] and the parties' briefing in connection with the summary judgment motions and with Total's Objections. The Court has also reviewed the applicable legal authorities. The Court's review of the Report and Recommendation is *de novo*. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012).

Total's Objections regarding its contractual and subrogation liability for a share of decommissioning costs involve arguments presented to and rejected by the Magistrate Judge. Contrary to Total's arguments, the express terms of the CEPS Operating Agreement, settled legal principles concerning a party's retention of its obligations following an assignment, and the extensive body of case law involving predecessor decommissioning liability all demonstrate that Magistrate Judge Palermo's analysis and recommendation are well-reasoned and correct. Indeed, all

---

[1] Total submitted evidence with its Reply in support of its Objections [Doc. # 179]. MOGUS has moved to strike the exhibits as untimely, noting that the evidence was not presented to Magistrate Judge Palermo during the summary judgment process. The Court declines to consider evidence not presented to the Magistrate Judge. As a result, the Motion to Strike [Doc. # 180] is **GRANTED**.

relevant legal authority – as cited and fully discussed by Magistrate Judge Palermo in her Report and Recommendation – is contrary to Total's arguments regarding its liability for a share of the decommissioning costs.

Similarly, Magistrate Judge Palermo correctly analyzed the effect of the ATP bankruptcy on Total's obligation for a share of the decommissioning costs for the CEPS. The relevant documents in the bankruptcy proceeding, including the Bankruptcy Court's Final Order, demonstrate that MOGUS preserved and retained its rights against Total for a share of decommissioning costs. Agreements between ATP and MOGUS, limited to "as between themselves only," did not eliminate or otherwise restrict MOGUS's retained rights as to Total.

Total argues also in its Objections that there are issues that need to be resolved by a jury. Contrary to Total's position throughout the summary judgment briefing and argument, Total now suggests that the language in the CEPS Operating Agreement is ambiguous and needs to be construed by a jury. Total cannot in Objections to a Report and Recommendation dramatically change its position. Moreover, as discussed in the Report and Recommendation, the language in the CEPS Operating Agreement is clear and unambiguous.

Total argues that the value of the overriding royalty interest MOGUS received as part of the ATP bankruptcy settlement is a fact to be decided by the jury. As the

Magistrate Judge noted, Total failed to present evidence in the summary judgment process to raise a genuine issue of material fact beyond mere speculation regarding the value of the royalty interest. Total had a full and fair opportunity to present evidence on this issue to the Magistrate Judge, but presented only evidence that was highly speculative and insufficient to raise a genuine issue of material fact to be submitted to a jury.

Total argues that if it retained obligations under the CEPS Operating Agreement, it also retained corresponding rights of notice and participation that MOGUS failed to observe. As explained fully and accurately by Magistrate Judge Palermo, Total's rights – unlike its obligations – under the CEPS Operating Agreement were extinguished upon its assignment of the agreement to ATP. Total had no rights to notice and participation, having assigned those rights to ATP.

The Court, based on its *de novo* review, agrees fully with Magistrate Judge Palermo's Report and Recommendation. The Report and Recommendation will be adopted as this Court's Memorandum and Order. Accordingly, it is hereby

**ORDERED** that Total's Objections [Doc. # 172] to the Report and Recommendation are **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. # 163] is hereby **ADOPTED** as the Court's Memorandum and Order. It is further

**ORDERED** that MOGUS's Motion for Partial Summary Judgment [Doc. # 92] is **GRANTED**. It is further

**ORDERED** that Total's Motion for Summary Judgment Regarding Contract Claims [Doc. # 97] and Motion for Summary Judgement Due to Prior and Complete Satisfaction of Decommissioning Obligations [Doc. # 98] are **GRANTED** only as to MOGUS's unjust enrichment claim and **DENIED** in all other respects. It is further

**ORDERED** that MOGUS's Motion to Strike Untimely Exhibits [Doc. # 180] is **GRANTED**. It is further

**ORDERED** that the docket call on September 10, 2018, is **CONVERTED** to a status conference.

SIGNED at Houston, Texas, this **24th** day of **August, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE